UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN M. VAZQUEZ,

                Plaintiff,

       -against-

CITY OF NEW YORK, *et al.*,

                Defendants.

21-CV-01573 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Plaintiff Juan M. Vazquez, currently incarcerated in Attica Correctional Facility, is proceeding *pro se* and *in forma pauperis*.[1] Plaintiff's complaint, filed under 42 U.S.C. §1983, is 500 pages long with attachments. He names 32 defendants, including employees and officials of the New York City Department of Correction and other city and state agencies, as well as individuals involved in his state criminal proceedings (a judge, a prosecutor, defense attorneys, and a police officer). (ECF 2.) Plaintiff alleges that Defendants have retaliated against him for filing grievances and complaints, hindered his efforts to litigate his state court criminal appeal, violated his right to appellate counsel; denied him his prescription orthopedic footwear, and violated his rights under the Driver Privacy Protection Act. Accompanying Plaintiff's complaint is a motion for a temporary restraining order (TRO) or a preliminary injunction, and a memorandum of law in support of the motion. (ECF 4, 5.) These submissions contain few facts showing how each Defendant was personally involved in violating his federally protected rights, or explaining the exact nature of the injunctive relief he seeks. According to Plaintiff, unless Defendants are "restrained," they "will continue to violate his rights." (ECF 4 ¶ 10.)

---

[1] The Court granted Plaintiff IFP status in a separate order.

"It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). To such relief, a Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

At this initial stage, Plaintiff has failed to demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. In support of his application for injunctive relief, Plaintiff submitted a motion and a memorandum of law, but neither document explains what each Defendant did or failed to do that violated his constitutional rights. Moreover, Plaintiff does not specify the exact nature of the injunction he seeks from this Court.

Accordingly, Plaintiff's request for a preliminary injunction or a temporary restraining order is denied without prejudice to renewal at a later stage.

## CONCLUSION

Plaintiff's request for a temporary restraining order or a preliminary injunction is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 4.)

      The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   March 1, 2021
           New York, New York

                                                  *Louis L. Stanton*
                                                  Louis L. Stanton
                                                        U.S.D.J.