UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JUAN M. VAZQUEZ,

                              Plaintiff,                      21 Civ. 01573 (PAE)

                  -v-

CITY OF NEW YORK, et al.,                               OPINION & ORDER

                            Defendants.

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

     On July 28, 2021, Juan M. Vazquez moved for a temporary restraining order and/or a preliminary injunction requiring (1) the New York State Department of Correction and Community Supervision's ("DOCCS") defendants to provide him adequate medical treatment at Attica Correctional Facility, where he is currently incarcerated; (2) Laura Mello, Records Access Officer for the New York City Department of Correction ("DOC"), to forward him requested documents; and (3) "any other relief stated in the amended and supplemental complaint." *See* Dkt. 16.[1]  Vazquez is proceeding *pro se* and *in forma pauperis.*

     To justify a preliminary injunction, a movant must typically demonstrate: (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of

---

[1] On July 28, 2021, Vazquez also filed a notice of motion for recusal and/or disqualification of the Court, Dkt. 17; a notice of a motion for leave to file an amended and supplemental complaint, Dkt. 18; a brief in support of his motions for an amended and supplemental complaint, relief from judgment, recusal, and a temporary restraining order and/or preliminary injunction, Dkt. 19; and a notice of motion for relief from judgment, Dkt. 20.  For the reasons explained below, the Court addresses only the motions for a temporary restraining order and/or preliminary injunction and for the Court's recusal and/or disqualification.

granting an injunction.  *See, e.g.*, *Metro. Taxicab Bd. of Trade v. City of New York*, 615 F.3d 152, 156 (2d Cir. 2010); *see also Andino v. Fischer,* 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction.").

      The Court finds that Vazquez is not entitled to a preliminary injunction on any of his three claims.  First, in its May 17, 2021 Opinion and Order to Amend ("May 17 Opinion"), the Court dismissed Vazquez's claims arising out of his detention at Attica without prejudice, because venue is not proper in this District.  *See* Dkt. 12.  Therefore, there is no active case in this District pertaining to Vazquez's request for adequate medical treatment at Attica, and the Court is thus not empowered to enjoin defendants to provide Vazquez proper medical treatment at Attica.  *See id.* at 24 ("Venue is not proper in this Court for Vazquez's claims arising at Attica . . . . If Vazquez wishes to pursue his claims arising at Attica, he may file a new civil action in the United States District Court for the Western District of New York.").  Second, for the reasons explained in the May 17 Opinion, the standard for a preliminary injunction is not met for Vazquez's claims against Mello.  *See id.* at 22.  In particular, Vazquez cannot demonstrate irreparable harm absent injunctive relief or a likelihood of success on the merits of this claim.  Third, although the Court granted Vazquez leave to amend his complaint to assert claims regarding the alleged unconstitutional conditions of confinement at Rikers Island, *see id.* at 27, a preliminary injunction is not warranted to address the relief sought in the document attached to Vazquez's notice of motion for leave to file an amended and supplemental complaint ("Proposed Amended Complaint").  Vazquez has not demonstrated that he will suffer irreparable harm absent injunctive relief for the claims discussed in the Proposed Amended Complaint.  For any claims that are properly brought in this District, arising out of alleged unconstitutional conditions

of confinement at Rikers Island, damages, rather than a preliminary injunction, would be the appropriate relief.  That is because Vazquez is no longer held at Rikers Island; he has been in DOCCS custody at Attica since January 9, 2020.  *Id.* at 4.

Vazquez also moves for recusal and/or disqualification of the Court in both his case "and/or any other prisoner litigation alleging sexual abuse and/or racial discrimination." Vazquez recounts several areas of disagreements with the Court's factual findings and legal conclusions.  *See* Dkt. 17.

The Court respectfully declines to grant this motion.  Under 28 U.S.C. § 455, a federal just shall disqualify himself, *inter alia*, from any proceeding "in which his impartiality might reasonably be questioned," *id.* at § 455(a), or "[w]here he has a personal bias or prejudice concerning a party," *id.* at 455(b)(1).  The ultimate question under § 455(a) is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). Although Vazquez does not agree with the Court's findings, he has not demonstrated bias on the Court's part or articulated a reasonable basis for questioning the Court's impartiality.

This case remains under the able supervision of Judge Freeman, *see* Dkt. 15.  The Clerk of Court is respectfully requested to terminate the motion for a preliminary injunction and/or temporary restraining order and the motion for recusal and/or disqualification.

SO ORDERED.

                                                  *Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated:  July 30, 2021
       New York, New York