UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN M. VAZQUEZ,

                      Plaintiff,

-v-

CITY OF NEW YORK ET AL.,

                      Defendants.

21 Civ. 1573 (PAE) (DCF)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received plaintiff Juan Vazquez's letter dated October 21, 2021, asking the Court to reconsider its July 30, 2021 denial of his recusal motion and his request for a temporary restraining order and/or a preliminary injunction. Dkt. 26.

To the extent Vazquez's letter moves for reconsideration of the denial of the recusal, that motion is denied. The standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). Such a motion is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp.2d 17, 19 (S.D.N.Y. 2005); *see also Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013) ("Simply put, courts do not tolerate such efforts to obtain a second bite at the apple."). Rather, reconsideration is appropriate "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth*

*Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). In his October 21, 2021 letter, Vazquez does not identify a change in controlling law, or identify new evidence bearing on recusal. Accordingly, the Court construes Vazquez's motion as seeking reconsideration to prevent manifest injustice.

As explained in its July 30, 2021 order, a federal judge shall disqualify himself, *inter alia*, from any proceeding "in which his impartiality might reasonably be questioned," 28 U.S.C at § 455(a), or "[w]here he has a personal bias or prejudice concerning a party," *id.* § 455(b)(1). The ultimate question under § 455(a) is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). Vazquez has not identified any basis for claiming bias on the Court's part or articulated a reasonable basis for questioning the Court's impartiality. The Court therefore denies this aspect of Vazquez's motion for reconsideration.

As to Vazquez's request to extend his time to appeal the Court's denial of his request for a temporary restraining order and/or preliminary injunction, that is granted. The Federal Rules of Appellate Procedure generally permit appeals only from final judgments. 28 U.S.C. § 1291. An exception exists, however, for certain orders granting or denying preliminary injunctive relief. 28 U.S.C. § 1292(a)(1). Generally, if a party wishes to take an immediate appeal, the notice of appeal must be filed with the district clerk within 30 days after the entry of the order. Fed. R. App. P. 4(a)(1)(A). However, a district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if: (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the

2

moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and (C) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

The Court denied Vazquez's request for a preliminary injunction on July 30, 2021, making Vazquez's time for filing an appeal well past. However, Vazquez claims not to have received the Court's July 30, 2021 order until October 18, 2021—a claim that is supported by the docket record. On October 13, 2021, the Court mailed Vazquez a package including "a copy of the order of service or order to answer and other orders entered to date." Dkt. 24. On October 19, 2019, the Court received a letter from Vazquez dated October 12, 2021 asking about the status of his case. Dkt. 25. On October 26, 2021, the Court received a letter from Vazquez dated October 21, 2021, stating that he received notice of the Court's July 30, 2021 order on October 18, 2021—presumably after he received the package containing the orders in his case—and requesting that the Court reopen his time to appeal its denial of his preliminary injunction and/or temporary restraining order. Dkt. 26. There is no previous entry on the docket denoting that the Court's July 30, 2021 order was mailed to Vazquez, and the Court notes that its July 30, 2021 order did not instruct the Clerk of Court to mail a copy of it to Vazquez.

Vazquez's request to reopen the time to file his appeal meets all the criteria for Fed. R. App. P. 4(a)(6). Based on the docket, there is nothing to suggest that Vazquez received notice of the Court's order until October 18, 2021. He moved to reopen less than 14 days after he received notice, and the Court has no reason to believe that any party would be prejudiced by his appeal. The Court therefore will permit Vazquez to file an appeal of its order by November 12, 2021, 14 days after this order is issued, as required by Fed. R. App. P. 4(a)(6).

In light of the above, the Clerk of Court is instructed to mail a copy of this Order to Plaintiff, at the address reflected on the docket and shown below.

SO ORDERED.

*[signature: Paul A. Engelmayer]*

PAUL A. ENGELMAYER
United States District Judge

Dated: October 29, 2021
       New York, New York

Copies to:
Mr. Juan M. Vazquez
DIN: 20A0062
Attica Correctional Facility
639 Exchange Street
P.O. Box 149
Attica, New York 14011-0149