UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN M. VAZQUEZ,

Plaintiff,

-against-

THE CITY OF NEW YORK et al.,

Defendants.

21-CV-1573 (PAE) (VF)

**ORDER OF SERVICE**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff Juan M. Vazquez, proceeding *pro se* and *in forma pauperis*, is an inmate currently incarcerated at Attica Correctional Facility, asserting claims under 42 U.S.C. § 1983. See Complaint, ECF No. 2; Amended Complaint, ECF No. 18-1.

On May 17, 2021, the Honorable Paul A. Engelmayer issued an Opinion & Order to Amend, dismissing Plaintiff's original Complaint, in part, and permitting him to amend his Complaint to provide additional factual support for certain claims. See ECF No. 12. The Court dismissed, and denied Plaintiff leave to re-plead, numerous claims, including: (1) those brought against immune parties (i.e., judicial officers, prosecutors, and state agencies); (2) parties against whom Plaintiff does not allege viable §1983 claims (i.e., private defense attorneys and state FOIL officers); (3) claims that are barred by the Younger v. Harris, 401 U.S. 37 (1971), abstention doctrine (i.e., those concerning pending state criminal charges against Plaintiff ); and (4) claims for which venue is not proper in this District (i.e., those arising out of Plaintiff's detention at Attica Correctional Facility). See id. at 26. The Order also denied Plaintiff leave to replead his class claims. Id. However, the Court allowed Plaintiff to replead several claims—all pertaining to the conditions of his confinement at Rikers Island. Id. at 11-14, 16-18.

Plaintiff filed his Amended Complaint on July 28, 2021. See ECF No. 18-1. In February 2022, Defendants the City of New York and Dana Roth moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b), see ECF No. 56, and on July 11, 2022, the Court entered a Report and Recommendation granting that motion, see ECF No. 67 (R&R). In ruling on the motion, the Court dismissed all but two of Plaintiff's remaining claims. The Court recommended a finding that Plaintiff had sufficiently pled: (1) a deliberate-indifference claim as against Defendant Adjanie Cruz, the legal coordinator at the Robert N. Davoren Complex on Rikers Island ("RNDC"), based on allegations of inappropriate sexual conduct by Cruz towards Plaintiff; and (2) a First Amendment retaliation claim as against Defendants Cruz and Usher (first name unknown), a Corrections Officer at RNDC, as it relates to Plaintiff's termination from his job assignment at the prison's law library. See R&R at 7 n.5, 27-31, 35-38. Plaintiff objected to the R&R, and on December 2, 2022, Judge Engelmayer issued and Opinion & Order adopting the R&R in full. See ECF No. 98.

Prior to issuance of Judge Engelmayer's Opinion & Order, on August 15, 2022, Plaintiff submitted a motion styled as a Motion for Valentin Request and/or for a Writ of Attachment. See ECF Nos. 79-81. In that motion, Plaintiff seeks "assistance in serving process on all unserved defendants and for a full identification of all John/Jane Does . . . based on the fact that only two defendants have been served." See ECF No. 79 at 1. On September 1, 2022, Plaintiff filed a motion for leave to amend his complaint, along with a copy of his second amended complaint. See ECF Nos. 87-89. On September 8, 2022, this Court entered an order denying Plaintiff leave to amend without prejudice, and striking the second amended complaint, permitting submission of a renewed motion once the objections to the then-pending R&R were resolved by Judge Engelmayer. See ECF No. 93.

2

In light of Judge Engelmayer's adoption of the R&R, Plaintiff is hereby permitted to re-submit a motion for leave to file a second amended complaint, along with a proposed second amended complaint. To be sure, Plaintiff is permitted to proceed with only two discrete claims: (1) deliberate-indifference as against Cruz based on the allegations of inappropriate sexual conduct towards Plaintiff; and (2) a First Amendment retaliation claim as against Defendants Cruz and Usher as it relates to Plaintiff's termination from his law library job assignment. The second amended complaint should contain a short and plain statement, alleging how Defendants Cruz and Usher were personally involved in violating Plaintiff's constitutional rights, including any additional facts showing that his rights were violated, when such violation occurred, where such violation occurred, and why Plaintiff is entitled to relief.

Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Valentin Request and/or for a Writ of Attachment (ECF No. 79) without prejudice, as moot, pending Plaintiff's submission of his motion for leave to amend and accompanying second amended complaint.

Furthermore, the Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the New York City Department of Correction and the New York City Law Department waive service of summons on behalf of Defendants ADJANIE CRUZ and UNKNOWN USHER.

The Clerk of Court is directed to terminate the motion at ECF No. 79.

**SO ORDERED.**

Dated:   January 26, 2023
         New York, New York

_____
      VALERIE FIGUEREDO
   United States Magistrate Judge

3

Copies to:

Juan M. Vazquez
DIN: 20A0062
Attica Correctional Facility
639 Exchange Street
P.O. Box 149
Attica, NY 14011-0149
PRO SE