UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN M. VAZQUEZ,<br><br>                              Plaintiff,<br><br>              -against-<br><br>THE CITY OF NEW YORK et al.,<br><br>                              Defendants. | 21-CV-1573 (PAE) (VF)<br><br>**ORDER** |

**VALERIE FIGUEREDO, United States Magistrate Judge:**

Plaintiff Juan M. Vazquez, proceeding *pro se* and *in forma pauperis*, is an inmate currently incarcerated at Attica Correctional Facility, asserting claims under 42 U.S.C. § 1983. See Complaint, ECF No. 2; Amended Complaint, ECF No. 18-1.

Plaintiff filed his Amended Complaint on July 28, 2021. See ECF No. 18-1. In February 2022, Defendants the City of New York and Dana Roth moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b), see ECF No. 56, and on June 17, 2022, the Court entered a Report and Recommendation granting that motion, see ECF No. 66 (the "R&R"). In ruling on the motion, the Court dismissed all but two of Plaintiff's remaining claims. The Court recommended a finding that Plaintiff had sufficiently pled: (1) an Eighth or Fourteenth Amendment[1] sexual-abuse claim as against Defendant Adjanie Cruz, the legal coordinator at the Robert N. Davoren Complex on Rikers Island ("RNDC"), based on allegations of inappropriate sexual conduct by Cruz towards Plaintiff; and (2) a First Amendment retaliation claim as against Defendants Cruz and Collin Usher, a Corrections Officer at RNDC, as it relates to Plaintiff's

---

[1] The R&R directed Plaintiff, in amending his complaint, "to provide facts from which to determine whether he was a pretrial detainee or convicted prisoner at the time of the alleged sexual abuse by Defendant Cruz" (a distinction essential to determining whether to review Plaintiff's claim under the Eight or Fourteenth Amendment). See R&R at 38.

termination from his job assignment at the prison's law library. See R&R at 7 n.5, 27-31, 35-38. Plaintiff objected to the R&R, and on December 2, 2022, the Honorable Paul A. Engelmayer issued and Opinion & Order adopting the R&R in full. See ECF No. 98.

On January 26, 2023, the Court entered an order (the "January 26 Order") permitting Plaintiff to submit a proposed second amended complaint. The January 26 Order specified that Plaintiff is permitted to proceed with only two discrete claims: (1) an Eighth or Fourteenth Amendment sexual-abuse claim as against Cruz based on the allegations of inappropriate sexual conduct towards Plaintiff; and (2) a First Amendment retaliation claim as against Defendants Cruz and Usher as it relates to Plaintiff's termination from his job assignment at the law library. The January 26 Order also requested that the New York City Department of Correction and the New York City Law Department waive service of summons on behalf of Defendants Cruz and Usher.

On February 3, 2023, Plaintiff submitted his proposed Second Amended Complaint (the "SAC"). See ECF No. 100. On February 22, 2023, the City of New York (now an "interested party" following its dismissal from the case) submitted a letter objecting to Plaintiff's proposed SAC on the basis that it contains "similarly legally and factually deficient claims" as those dismissed by the R&R, "in blatant disregard" of this Court's previous orders. See ECF No. 101 at 1-2. The letter thus argued that the proposed SAC "is the picture of futility, because most of the pleadings have already been deemed deficient," and requested that the Court reject the SAC for failure to cure these deficiencies. Id. at 2. The City concluded that should Plaintiff be allowed to proceed on his pleadings, Defendants anticipate moving for relief pursuant to Federal Rules of Civil Procedure 8, 11, and 12. Id. at 3. On February 23, 2023, the New York City Department of Correction waived service on behalf of Cruz and Usher. See ECF No. 102. On April 17, 2023,

the City submitted another letter "seek[ing] clarification as to how to respond to Plaintiff's proposed Second Amended Complaint." See ECF No. 103 at 1. The letter states that "[a]lthough the City can, again, move to dismiss plaintiff's second amended complaint, this motion practice would likely be an inefficient use of the parties' resources" because the SAC "does not cure the original pleading deficiencies that formed the basis of this Court's dismissal of the amended complaint." Id. at 2.

**Defendants Cruz and Usher are hereby directed to respond to Plaintiff's SAC, but only with respect to the allegations that relate to the two claims that the Court allowed to proceed: the sexual-abuse claim against Cruz and the retaliation claim against Cruz and Usher.** The deadline for Defendants Cruz and Usher to submit their response(s) is hereby extended to **May 24, 2023.**

**SO ORDERED.**

Dated:   April 20, 2023
         New York, New York

_____
VALERIE FIGUEREDO
United States Magistrate Judge

Copies to:

Juan M. Vazquez
DIN: 20A0062
Attica Correctional Facility
639 Exchange Street
P.O. Box 149
Attica, NY 14011-0149
PRO SE

3